UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MILENYIS YOCELINA GOMEZ CANDELO,<br><br>                    Petitioner,<br><br>        v.<br><br>KRISTI NOEM et al.,<br><br>                    Respondents. | CASE NO. 2:26-cv-00576-JNW<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## 1.  INTRODUCTION

Milenyis Yocelina Gomez Candelo, proceeding pro se, is a Venezuelan asylum applicant who entered the United States in 2022 with her family. She and her family were detained on entry and later paroled into the United States. Dkt. No. 3 at 16. On November 22, 2025, Immigration and Customs Enforcement (ICE) re-detained Gomez Candelo without notice or an opportunity to be heard. She filed a petition for writ of habeas corpus and moved for a temporary restraining order ("TRO"). Dkt. Nos. 1, 2. For the reasons below, the habeas petition is GRANTED in part, and the TRO motion is DENIED as moot.

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 1

## 2. BACKGROUND

Gomez Candelo entered the United States with her family on August 13, 2022. Dkt. No. 10 ¶ 4. She was paroled until October 13, 2022, and given a "call-in letter" with instructions to report to Enforcement and Removal Operations on September 23, 2022, for enrollment into Alternatives to Detention ("ATD"). She was released due to overcrowding at the Eagle Pass North Station in Texas. *Id.* On March 15, 2023, she applied for asylum. Dkt. No. 1.

On November 19, 2025, Gomez Candelo was arrested in Florida for a domestic violence offense. *Id.* ¶ 5. Two days later, she was taken into ICE custody. *Id.* ¶¶ 6, 7. On December 15, 2025, she was charged with Battery Domestic Violence. *Id.* ¶ 8. But on January 29, 2026, the charges were voluntarily dismissed by the state. *See* Dkt. No. 3 at 6 (capitalization modified) ("The State announced *Nolle Prosequi* in open court.").

On December 23, 2025, Gomez Candelo was transferred from ICE custody in Florida to the Northwest ICE Processing Center in Tacoma, Washington, where she remains in custody. Dkt. No. 10 ¶ 9. She has requested release on bond, but her requests have been denied because the Immigration Judge found that the Immigration Court had no jurisdiction to release her on bond. Dkt. No. 10 ¶ 13.

## 3. DISCUSSION

### 3.1 Legal standards.

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

In addition to habeas relief, federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). "Where habeas petitioners raise Due Process claims and have also invoked the Court's jurisdiction under 28 U.S.C. § 1331, the Court has 'the authority both to entertain [the petitioner's] constitutional challenges and to grant injunctive relief in response to them,' 'irrespective of the accompanying habeas petition.'" *Francisco Lorenzo v. Bondi*, Case No. 2:25-cv-02660-LK, 2026 WL 237501, at *6 (W.D. Wash. Jan. 29, 2026) (quoting *Roman*, 977 F.3d at 941–42).

A plaintiff seeking a permanent injunction must demonstrate "(1) that [he] ha[s] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy

in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

**3.2    Revocation of release and re-detention must comport with due process, regardless of the detention statute that applies.**

The parties dispute the statutory basis for Gomez Candelo's detention. She contends she is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing; the Government contends she is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) and § 1225(b)(2). The Court need not resolve that dispute because the Due Process Clause applies to Gomez Candelo's re-detention regardless of which statute governs her custody. Even assuming the Government is correct that § 1225(b)(1) applies, the constitutional question remains: was Gomez Candelo deprived of her liberty without due process when ICE revoked her release and re-detained her without notice or a hearing? Courts in this District have consistently answered this question in the affirmative.[1]

---

[1] *See, e.g.*, *Osuna Benitez v. Hermosillo*, Case No. 2:25-cv-02535-BAT, 2025 WL 3763932, at *3 (W.D. Wash. Dec. 30, 2025) (citing *Zadvydas v. Davis*, 533 U.S. at 693); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) (quoting *E.A. T.-B v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025)) ("[T]he fact 'that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'"); *Arrioja Blanco, et al. v. Hermosillo, et al.*, Case No. C26-493-MLP, 2026 WL 548056, at *2 (W.D. Wash. Feb. 27, 2026) ("Courts have held that noncitizens paroled or released from § 1225(b) custody retain a protected liberty interest in continued release and are entitled to procedural safeguards before being returned to custody, regardless of whether § 1225(b)(1) or (b)(2) applies."); *Bealter Reyes et al. v. Hermosillo et al.*, Case No. 2:26-cv-00270-TLF, 2026 WL 507678, at *2

The Government's reliance on *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026) is not persuasive. The Government cites *Buenrostro-Mendez* for the proposition that noncitizens "who are present without admission in the United States are 'applicants for admission'" under Section 1225(a)(1) and thus subject to mandatory detention under Section 1225(b)(2). Dkt. No. 9 at 5. But *Buenrostro-Mendez* is neither binding on this Court nor persuasive because, as the dissent notes, "[t]he overwhelming majority of courts in [the Fifth Circuit] and elsewhere have recognized that the government's position [on 8 U.S.C. § 1225(b)(2)(A)] is totally unsupported." 2026 WL 323330, at *10; *see Safi v. Noem*, No. 2:26-cv-00308-TLF, 2026 WL 445564, at *2 n.2 (W.D. Wash. Feb. 17, 2026) (*Buenrostro-Mendez* is not binding and "is inconsistent with this Court's view of the statutory text and relevant Ninth Circuit and Supreme Court authority interpreting it").

Finally, the Government argues that the Court should not consider any due process challenge because Gomez Candelo failed to raise due process in her habeas petition. While the petition focused on statutory arguments, it also claims that Gomez Candelo's detention violates the Due Process Clause. *See* Dkt. No. 1 at 1 (stating Petitioner "is being unlawfully detained by Respondents in violation of . . .

---

(W.D. Wash. Feb. 24, 2026) ("[T]he Court need not consider whether there is a statutory basis . . . upon which petitioners may be lawfully detained . . . because even assuming a statute permits government detention of an individual, the Due Process Clause may provide procedural protections not found in the statue."); *P.T. v. Hermosillo*, Case No. C25-2249-KKE, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025) ("To the extent that the Government's briefing suggests that Section 1225(b) should be the beginning and end of the Court's inquiry, this position is emphatically rejected.").

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 5

the Due Process Clause of the Fifth Amendment to the United States Constitution"); *id.* at 8 (prayer for relief includes "Declare that Petitioner is being unlawfully detained in violation of . . . the Due Process Clause of the Fifth Amendment"). As a pro se litigant, Gomez Candelo's filings are construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Her petition invokes the Due Process Clause of the Fifth Amendment and challenges the constitutionality of her detention. Dkt. No. 1. Her traverse develops these arguments in response to the Government's return. Dkt. No. 18 at 9–10. That is the purpose of a traverse. On leave of the Court, the Government filed a surreply to address the due process arguments, Dkt. No. 20, ensuring it had a full opportunity to respond. The petition is now fully briefed and ripe for resolution. The Court must decide whether Gomez Candelo's re-detention violates due process, regardless of the statute the Government claims to have invoked to detain her.

### 3.3 Gomez Candelo's re-detention without notice and a pre-deprivation hearing violates procedural due process.

The Government concedes that Gomez Candelo was detained on November 22, 2025, without notice or a pre-deprivation hearing. It argues that further process is not warranted because Gomez Candelo's re-detention is justified because of her arrest record and her failure to respond to a call-in letter in September 2022. Dkt. No. 20 at 4. But a single arrest—one that resulted in the charge being dismissed by the State—does not exempt the Government from its constitutional obligations. Furthermore, the inconsistency in the

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 6

Government's argument that Gomez Candelo did not appear for a check-in in September 2022 illustrates precisely why procedural due process matters.

Under *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976), courts weigh the private interest at stake, the risk of erroneous deprivation through existing procedures, and the Government's interest to determine what process is constitutionally required. All three *Mathews* factors favor Gomez Candelo.

First, her private interest is perhaps at its height, as "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty protected by the Due Process Clause." *Zadvydas*, 533 U.S. at 690. Gomez Candelo lived in the community for over three years. She and her family have a pending application for asylum. Dkt. Nos. 1, 1-2. Her liberty interest exists even when release is conditional and must be afforded substantial weight. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. Mar. 3, 2025) (collecting cases). The Government contends that her interest is lessened because of "the express understanding that she was being released for a defined period of time." Dkt. No. 20 at 4. The Government does not explain what this "defined period of time" is, nor does it argue that she was detained because her release period had expired.

Second, the risk of erroneous deprivation is high. The inconsistencies in the Government's briefing illustrate why. The Government contends that Gomez Candelo carries a lesser liberty interest because "she [was] told to report in September 2022 but failed to do so." Dkt. No. 20 at 4. Here, the Government cites the Declaration of Deportation Officer Christopher Hubbard. Dkt. No. 10 ¶ 4.

However, DO Hubbard does not state that Gomez Candelo failed to report to ICE in September 2022; instead, the declaration indicates that she was transferred into the ATD program while on humanitarian parole due to overcrowding at an ICE detention center. *Id.* That supposed missed check-in occurred in September 2022, undermining any claim of urgency. *See E.A. T.-B.*, 795 F. Supp. 3d at 1323–24. The Government also contends that Gomez Candelo's arrest on November 19, 2025, justifies her detention without notice. But that charge was dismissed on January 29, 2026. *See* Dkt. No. 3 at 6 (capitalization modified) ("The State announced *Nolle Prosequi* in open court."). The Government does not address this point. Dkt. No. 20 at 5. With the charge dismissed, there are no changed circumstances to support the revocation of Gomez Candelo's parole and her re-detention. The Government's reasons for triggering Gomez Candelo's detention are rife with contested questions that no neutral arbiter has resolved.

Third, the Government's interest in re-detaining Gomez Candelo without a hearing is low. Nothing prevented ICE from scheduling a hearing before or after it became aware of her arrest record. *See E.A. T.-B.*, 795 F. Supp. 3d 1323.

All *Mathews* factors favor Gomez Candelo and support finding that her detention violates procedural due process. *Aslan v. Wamsley et al.*, Case No. 2:25-cv-02698-JNW, 2026 WL 238675, at *3 (W.D. Wash. Jan. 29, 2026) (citing *E.A. T.-B.*, 795 F. Supp. 3d 1324). This forms an independent basis for her release.

Courts in this district and elsewhere have consistently reached the same conclusion. *See, e.g.*, *Tessema v. Bondi,* No. C25-2330-JNW-MLP, 2025 WL 4033288, at *1 (W.D. Wash. Dec. 11, 2025), report and recommendation adopted, No. C25-

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 8

2330-JNW-MLP, 2026 WL 84922 (W.D. Wash. Jan. 12, 2026); *Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *5 (E.D. Cal. Jan. 5, 2026) ("Although Respondents allege in their opposition that Petitioner repeatedly violated the terms of her release [citation omitted], no neutral arbiter has determined whether those facts show that Petitioner is a flight risk or danger to the community."); *Tesara v. Wamsley*, Case No. C25-1723-KKE-TLF, 2025 WL 3288295, at *1, *6 (W.D. Wash. Nov. 25, 2025) (even when it alleges supervised release violations, the Government must provide notice and a pre-detention hearing to comply with due process); *Ledesma Gonzalez v. Bostock*, No. 25-cv-01404-GJL, 2025 WL 2841574, at *8–9 (W.D. Wash. Oct. 7, 2025). And a "post-deprivation hearing[ ] cannot serve as an adequate procedural safeguard because [it occurs] after the fact and [thus] cannot prevent an erroneous deprivation of liberty." *E.A. T.-B.*, 795 F. Supp. 3d at 1324. *Nguyen v. Bondi*, No. 2:25-CV-02723-RAJ, 2026 WL 183819, at *4 (W.D. Wash. Jan. 23, 2026) (revocation of an OSUP requires notice and a pre-deprivation hearing). *Tzafir v. Bondi*, No. 25-CV-02067-JHC-SKV, 2026 WL 74088, at *3-5 (W.D. Wash. Jan. 9, 2026) ("The Government's redetention of Petitioner with insufficient notice and no opportunity to be heard violates the due process protections afforded to her by the Constitution."). This case presents nothing that would warrant a different result.

### 3.4   Gomez Candelo need not exhaust administrative remedies before seeking habeas relief.

The Government asks in the alternative that the Court order Gomez Candelo to exhaust her administrative remedies before seeking habeas relief. Dkt. No. 9 at

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 9

10. But exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

The Court also declines to require prudential exhaustion. Under *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), prudential exhaustion is favored when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* (quoting *Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). None of those conditions are present here.

The question is whether there was a constitutional violation—an issue the Court can resolve on this record without further administrative development. Moreover, Gomez Candelo has been detained for over four months without any process. A post-deprivation hearing will not undo the constitutional violation that has already occurred and is continuing to occur. *See Kumar v. Bondi*, No. 2:25-cv-02285, 2025 WL 2677089, at *3 (W.D. Wash. Sept. 16, 2025) ("[R]elease following post-deprivation procedures is insufficient to remedy the alleged harm because the alleged harm, i.e., potentially erroneous detention, has happened and is continuing to occur.").

Accordingly, the Court waives the prudential exhaustion requirement. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (a court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or

not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.").

**3.5     The Government must follow the law if it re-detains Petitioner.**

Having found due process violations, the Court further finds that issuing the requested injunctive relief is appropriate. Each of the four *eBay* factors supports this conclusion. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Gomez Candelo has satisfied the requirements for a permanent injunction. *See eBay*, 547 U.S. at 391. She suffered irreparable harm, through the violation of her constitutional right to due process and more than four months of unlawful detention. She has been separated from her family for over four months, causing her young children significant hardship. *See generally* Dkt. No. 1-2. No monetary remedy can compensate for the deprivation of physical liberty. The balance of hardships favors Gomez Candelo, as the injunction requires only that the Government comply with the Constitution before re-detaining her. And the public interest is served by an order prohibiting the Government from violating the Due Process Clause.

Gomez Candelo has also established a "cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). ICE has already detained her without due process. ICE's routine check-in system flagged her based on her arrest record, Dkt. No. 10 ¶ 6, raising concerns that, absent injunctive relief, she may be

subject to the same due process violation again. Several courts in this district have granted similar relief under comparable circumstances. *See, e.g.*, *Nguyen*, 2026 WL 183819, at *6; *Wana v. Bondi*, No. 25-cv-2321, 2025 WL 3628634, at *6 (W.D. Wash. Dec. 15, 2025) (prohibiting re-detention without notice and hearing); *Tzafir*, 2026 WL 74088, at *5 (same); *Yuksek v. Bondi*, No. 25-cv-2555, 2026 WL 60364, at *5 (W.D. Wash. Jan. 8, 2026) (same); *Do v. Scott*, No. 24-cv-2187, 2025 WL 3496909, at *6 (W.D. Wash. Dec. 5, 2025) (prohibiting re-detention without valid travel document and other specified conditions).

Accordingly, the Court prohibits Gomez Candelo's re-detention unless the Government first provides written notice of the basis for the proposed re-detention and an Immigration Court hearing is held to determine whether detention is appropriate.

### 3.6    Gomez Candelo's remaining requests for relief.

The Court addresses Gomez Candelo's remaining requests for relief. The Government has not issued a notice of intent to remove Gomez Candelo during the pendency of this matter. The Court therefore denies her request to enjoin removal as unripe. As for the request for a complete copy of her administrative record, Gomez Candelo offers no supporting detail or authority for this request, and the request is absent from her traverse. Dkt. Nos. 1, 18. The Court treats this request as withdrawn.

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 12

**3.7     The motion for a temporary restraining order is denied without prejudice.**

On February 17, 2026, Gomez Candelo moved for a temporary restraining order, seeking three forms of relief: (1) her immediate release, (2) an order prohibiting the Government from re-detaining her without notice and a pre-deprivation hearing, and (3) an order prohibiting the Government from removing her from the country while her habeas petition is pending. Dkt. No. 2. Because the TRO seeks the same relief as her habeas petition, the Court denies the motion, without prejudice. *Nguyen v. Scott*, 796 F. Supp. 3d 703, 720 (W.D. Wash. 2025). If Gomez Candelo's circumstances change, she may file a renewed motion.

## 4.   CONCLUSION

Accordingly, the Court orders as follows.

1. The Petition for a Writ of Habeas Corpus is GRANTED in part. Dkt. No. 1.

2. Petitioner's Motion for a Temporary Restraining Order is DENIED without prejudice. Dkt. No. 2.

3. The Government must RELEASE Petitioner within TWENTY-FOUR (24) hours of this order, subject to the conditions of her most recent release order.

4. Within FORTY-EIGHT (48) hours of this order, the Government must provide the Court with a status report confirming that Petitioner has been released from custody and informing the Court of the date and time of her release.

5.  The Government may not re-detain Petitioner without providing written notice of the basis for proposed re-detention in advance and a meaningful opportunity to respond, except as authorized by 8 C.F.R. § 241.13(i)(1)-(2).

6.  All other relief is denied, without prejudice.


Dated this 31st day of March, 2026.

*Jamal W.*

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 14